NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

E.O., *Appellant*,

*v.*

MICHAEL M., KATIE A., *Appellees*.

No. 1 CA-JV 15-0380
FILED 8-16-2016

Appeal from the Superior Court in Maricopa County
No. JS517064
The Honorable Janice K. Crawford, Judge

**VACATED AND REMANDED**

COUNSEL

Terrea L. Arnwine P.L.L.C., Tempe
By Terrea L. Arnwine
*Guardian ad litem for Appellant*

Law Office of Ed Johnson P.L.L.C., Peoria
By Edward D. Johnson
*Counsel for Appellee Michael M.*

---

**MEMORANDUM DECISION**

Presiding Judge Lawrence F. Winthrop delivered the decision of the Court, in which Judge Samuel A. Thumma and Judge Kenton D. Jones joined.

---

**W I N T H R O P**, Presiding Judge:

¶1         E.O.'s guardian *ad litem* appeals the juvenile court's order denying the petition filed by Katie A. ("Mother") to sever the parental rights of Michael M. ("Father") to E.O., contending the juvenile court erred in finding Mother failed to prove severance was in E.O.'s best interests.  For the following reasons, we vacate that order and remand for the juvenile court to consider and apply the principles recently announced in *Demetrius L. v. Joshlynn F.*, 239 Ariz. 1, 365 P.3d 353 (2016).

**FACTS AND PROCEDURAL HISTORY**

¶2         E.O. was born in August 2007 to Father and Mother, who were unmarried and living together at the time.  Upon discharge from the hospital, Mother and E.O. moved in with E.O.'s maternal grandparents.  Mother provided for E.O.; Father, however, inconsistently provided for or visited E.O.

¶3         Father was first incarcerated from December 2007 to April 2008 for theft-related charges.  In June 2008, the family court awarded Mother sole custody of E.O., and awarded Father supervised parenting time.  Paternal great-grandparents supervised and were present during Father's parenting time.  Paternal grandmother was also always present; Father's participation, however, remained inconsistent.

¶4         In 2010, Father was again incarcerated, this time for burglary, and was not released until March 2015.  While Father was incarcerated the second time, Mother initially maintained a relationship with him; but in 2012, Mother ended the relationship and, approximately seven months later, married A.A. ("Stepfather").  Since then, E.O. has been living with Mother, Stepfather, Stepfather's daughter from a previous relationship, and Mother and Stepfather's daughter.

¶5         In 2013, Mother petitioned to sever Father's parental rights to E.O.  After a severance trial, the juvenile court denied Mother's petition to sever, finding Father had abandoned E.O. but severance was not in E.O.'s

best interests because she would lose her relationships with her paternal grandmother and great-grandparents. E.O.'s guardian *ad litem* timely appealed from the best-interests finding, and this court reversed and remanded. *E.O. v. Michael M.*, No. 1 CA-JV 14-0310, 2015 WL 4655933, at *2, *3, ¶¶ 11, 13 (Ariz. App. Aug. 6, 2015).

**¶6** On remand, the juvenile court found no evidence of detriment to E.O. from a continued parental relationship with Father and that her present living situation would not be enhanced through her adoption by Stepfather. The juvenile court relied on *Jose M. v. Eleanor J.*, 234 Ariz. 13, 316 P.3d 602 (App. 2014) and again found severance was not in E.O.'s best interests.

**¶7** E.O.'s guardian *ad litem* timely appealed this decision. While on appeal, our supreme court issued *Demetrius L.* We have appellate jurisdiction pursuant to the Arizona Constitution, Article 6, Section 9; Arizona Revised Statutes ("A.R.S.") § 8-235(A); and Rule 103(A) of the Arizona Rules of Procedure for the Juvenile Court.[1]

## ANALYSIS

**¶8** We review the juvenile court's order on a request to sever a parent's rights for an abuse of discretion. *Frank R. v. Mother Goose Adoptions*, 239 Ariz. 184, 190, ¶ 21, 367 P.3d 88, 94 (App. 2016). Parents' rights in the care, custody, and management of their children are fundamental, but not absolute. *Kent K. v. Bobby M.*, 210 Ariz. 279, 284, ¶ 24, 110 P.3d 1013, 1018 (2005). A court may sever those rights if it finds clear and convincing evidence of one of the statutory grounds for severance, and finds by a preponderance of the evidence that severance is in the best interests of the children. A.R.S. §§ 8-533(B), -537(B); *Kent K.*, 210 Ariz. at 281–82, 288, ¶¶ 7, 41, 110 P.3d at 1015–16, 1022.

**¶9** E.O.'s best interests are the only issue raised on appeal. The guardian *ad litem* argues the juvenile court erred in applying *Jose M.* to the facts of the present case, and that Mother's petition should be granted under the analysis approved in *Demetrius L.*

**¶10** In *Demetrius L.*, also a private severance case, mother and father were unmarried when they had a child. 239 Ariz. at 2, ¶ 3, 365 P.3d at 354. Mother later married stepfather. *Id.* at ¶ 5. At the time mother filed her severance petition, the child was in a stable living situation with

---

[1] Absent material changes after the relevant date, we cite a statute's current version.

mother, stepfather, and mother's four other children. *Id.* at ¶ 5. In contrast, the child was terrified by father and father's family. *Id.* The juvenile court found father had abandoned the child and granted mother's petition to sever father's parental rights. *Id.* at 3, ¶ 6, 365 P.3d at 355. A panel of this court reversed. *Id.* at ¶ 7. That panel relied on the reasoning of *Jose M.* that, unlike an adoption's obvious benefit of ending the need for foster care in a state-initiated severance, adoption by stepfather would not increase stability for the child; accordingly, severance would not provide an affirmative benefit to the child, and was not warranted. *Id.*

¶11　　　　On review, our supreme court rejected the approach in *Jose M.* of "(1) []distinguishing the significance of adoption in private versus state-initiated severance cases, and (2) []assessing the benefits of adoption *solely* in terms of whether the child's 'day-to-day' living arrangement will change" in a private severance action. *Id.* at 5, ¶ 18, 365 P.3d at 357 (emphasis added). Regardless of the identity of the petitioner, and depending on the circumstances, adoption can provide a benefit supporting a best-interests finding. *Id.* at 4–5, ¶¶ 16–17, 365 P.3d at 356–57. Further, in most cases, the existence of a proven statutory ground for severance will likely have had a negative effect on the child. *Id.* at 4, ¶ 15, 365 P.3d at 356. The supreme court, however, indicated the juvenile court should not automatically conclude severance will be in the child's best interests just because the child is adoptable or assume the child will benefit from severance simply because abandonment was found. *Id.* at ¶ 14. The standard for finding best interests remains the same: whether the petitioner has proven by a preponderance of the evidence that severance is in the child's best interests by demonstrating either the existence of a benefit from severance or a detriment to the child from a continued parental relationship. *Id.* at 4–5, ¶ 16, 365 P.3d at 356–57; *Kent K.*, 210 Ariz. at 288, ¶ 41, 110 P.3d at 1022.[2]

¶12　　　　Here, the juvenile court found no evident detriment to E.O. if Father's parental rights were not severed, and that E.O. would undoubtedly continue to benefit from having a permanent, safe, and loving home with Mother and Stepfather. It further found the situation would not change if

---

[2]　　　In *Demetrius L.*, the supreme court also noted several potential benefits from adoption—including providing permanency and stability to an already-existing *de facto* parent-child relationship, formalizing legal and financial responsibility, and solidifying the adopting parent's right to exercise custody and control in the future—all of which may "advance the child's wellbeing." *Demetrius L.*, 239 Ariz. at 4–6, ¶¶ 16–17, 20–21, 365 P.3d at 356–58.

Father's parental rights were not severed or that her living situation would not otherwise be enhanced by Stepfather's adoption. Under *Demetrius L.*, however, this is an incomplete analysis. Because the juvenile court did not have the benefit of *Demetrius L.* in reaching its decision, we vacate its order and remand to allow that court to consider the best-interests analysis in light of the principles announced and factors approved in *Demetrius L.*

## CONCLUSION

¶13 We vacate the juvenile court's order denying Mother's petition to sever Father's parental rights and remand for further proceedings consistent with this decision.



Amy M. Wood • Clerk of the court
FILED: AA